IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RANDY DIGGS,

    Plaintiff,                     No. CIV S-05-1168 DFL GGH P

    vs.

J.D. WILLIAMS,

    Defendant.                  FINDINGS & RECOMMENDATIONS

_____/

        Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is defendant's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) filed December 20, 2005, on grounds that this action is barred by the statute of limitations.

        In his opposition to defendant's motion, plaintiff has submitted evidence outside the pleadings. A statute of limitations defense may be raised by a motion to dismiss or a motion for summary judgment. Jablon v. Dean Witter & Co., 614 F.2d 677, 682 (9th Cir. 1980). Because the court has considered matters outside the pleadings in evaluating defendant's motion and plaintiff has had a reasonable opportunity to present evidence, the court will construe defendant's motion as a motion for summary judgment under Fed. R. Civ. P. 56. See Retail Clerks Union Local 648, AFL-CIO v. Hub Pharmacy, Inc., 707 F.2d 1030, 1032 n. 1 (9th Cir. 1983).

1

After carefully considering the record, the court recommends that defendant's motion be granted.

SUMMARY JUDGMENT STANDARDS UNDER RULE 56

Summary judgment is appropriate when it is demonstrated that there exists "no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

> Under summary judgment practice, the moving party
>
> always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553 (1986) (quoting Fed. R. Civ. P. 56(c)). "[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the 'pleadings, depositions, answers to interrogatories, and admissions on file.'" Id. Indeed, summary judgment should be entered, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. See id. at 322, 106 S. Ct. at 2552. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Id. In such a circumstance, summary judgment should be granted, "so long as whatever is before the district court demonstrates that the standard for entry of summary judgment, as set forth in Rule 56(c), is satisfied." Id. at 323, 106 S. Ct. at 2553.

If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586, 106 S. Ct. 1348, 1356 (1986). In attempting to establish the existence of this factual dispute, the opposing party may

not rely upon the allegations or denials of its pleadings but is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that the dispute exists. See Fed. R. Civ. P. 56(e); Matsushita, 475 U.S. at 586 n.11, 106 S. Ct. at 1356 n. 11. The opposing party must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome of the suit under the governing law, see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 2510 (1986); T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987), and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could return a verdict for the nonmoving party, see Wool v. Tandem Computers, Inc., 818 F.2d 1433, 1436 (9th Cir. 1987).

In the endeavor to establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." T.W. Elec. Serv., 809 F.2d at 631. Thus, the "purpose of summary judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'" Matsushita, 475 U.S. at 587, 106 S. Ct. at 1356 (quoting Fed. R. Civ. P. 56(e) advisory committee's note on 1963 amendments).

In resolving the summary judgment motion, the court examines the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any. Fed. R. Civ. P. 56(c). The evidence of the opposing party is to be believed. See Anderson, 477 U.S. at 255. All reasonable inferences that may be drawn from the facts placed before the court must be drawn in favor of the opposing party. See Matsushita, 475 U.S. at 587, 106 S. Ct. at 1356. Nevertheless, inferences are not drawn out of the air, and it is the opposing party's obligation to produce a factual predicate from which the inference may be drawn. See Richards v. Nielsen Freight Lines, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), aff'd, 810 F.2d 898, 902 (9th Cir. 1987). Finally, to demonstrate a genuine issue, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts . . . . Where the record

taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" Matsushita, 475 U.S. at 587, 106 S. Ct. at 1356 (citation omitted).

On October 4, 2005, the court advised plaintiff of the requirements for opposing a motion pursuant to Rule 56 of the Federal Rules of Civil Procedure. See Rand v. Rowland, 154 F.3d 952, 957 (9th Cir. 1998) (en banc); Klingele v. Eikenberry, 849 F.2d 409, 411-12 (9th Cir. 1988).

DISCUSSION

This action is proceeding on the original complaint filed June 13, 2005. Plaintiff alleges that on February 23, 2001, he was wounded by a skat round fired by defendant Williams.

For actions under 42 U.S.C. § 1983, courts apply the forum state's statute of limitations for personal injury actions, along with the forum state's law regarding tolling, including equitable tolling, except to the extent any of these laws is inconsistent with federal law. Fink v. Shedler, 192 F.3d 911, 914 (9th Cir. 1999). Prior to January 1, 2003, California had a one year statute of limitations for personal injury actions. See DeGrassi v. City of Glendora, 207 F.3d 636, 644 (9th Cir. 2000). California law provides for the tolling of the statute of limitations for a period of up to two years based on the disability of imprisonment or in execution under the sentence of a criminal court for a term less than life. Cal. Civ. Proc. Code § 352.1.

Effective January 1, 2003, California revised this statute of limitations extending it to two years. Cal. Civ. Proc. Code § 335.1. In Maldonado v. Harris, 370 F.3d 945, 955 (9th Cir. 2004) the Ninth Circuit found that this new statute of limitations did not apply retroactively.

Plaintiff had until February 23, 2004, i.e. three years from February 23, 2001, to file a timely federal action. The instant action, filed June 13, 2005, is barred by the statute of limitations.

In his opposition to defendant's motion and in a pleading filed in response to defendant's reply to his opposition, plaintiff suggests that he is entitled to equitable tolling. "Under California law, a plaintiff must meet three conditions to equitably toll a statue of

limitations: '(1) defendant must have had timely notice of the claim; (2) defendant must not be prejudiced by being required to defend the otherwise barred claim; and (3) plaintiff's conduct must have been reasonable and in good faith.'" Fink v. Shedler, 192 F.3d 911, 916 (9th Cir. 1999) (quoting Bacon v. City of Los Angeles, 843 F.2d 372, 374 (9th Cir. 1988).

In his January 5, 2006, opposition, plaintiff states that on November 29, 2001, an attorney filed a lawsuit on his behalf in state court on the same grounds raised in the instant action. Plaintiff states that on December 18, 2002, this action was dismissed without prejudice under the delay reduction rule. Plaintiff states that he filed another lawsuit in state court in pro se on May 21, 2003, which was dismissed on July 13, 2004, based on his failure to prosecute the case. In his February 2, 2006, "answer" to defendant's reply, plaintiff states that he filed another action in state court in February 2005 which was dismissed as duplicative of his action filed on May 21, 2003, and also on grounds that the statute of limitations had run. Plaintiff claims that he believed that he was required to exhaust his state court remedies before filing his action in federal court.

"In the majority of cases in which courts apply the equitable tolling doctrine, the plaintiff possesses several legal remedies, and reasonably and in good faith pursues one designed to lessen the extent of his or her injuries or damage." Hu v. Silgan Containers Corporation, 70 Cal. App. 4th 1261, 1270, 83 Cal. Rptr. 2d 333 (1999). "In these cases, if the defendant is not prejudiced, the running of the statute of limitations is tolled as to the other available remedies." Id.

California courts have declined to find equitable tolling in cases where the plaintiff's own conduct delayed the prosecution of his previous action. See Tannhauser v. Adams, 31 Cal. 2d 169, 177 (1947) (equitable tolling did not apply where first action was dismissed for want of prosecution); Wood v. Elling Corporation, 20 Cal.3d 353, 142 Cal. Rptr. 696 (1977) (court declined to find equitable tolling to a plaintiff whose first suit was dismissed for failure to serve the summons within three years); Hull v. Central Pathology Service Medical

1  Clinic, 28 Cal. App. 4th 1328, 1336, 34 Cal. Rptr. 2d 175 (1994) (equitable tolling did not apply
2  where plaintiff was unable to amend her complaint in the first action due to her own failure to
3  comply with the time limits of section 425.13); Hu v. Siligan Containers, 70 Cal. App. 4th 1261,
4  1270, 83 Cal. Rptr. 2d 333 (1999) (equitable tolling did not apply where first action was
5  dismissed because the plaintiff failed to pay court fees).

Giving plaintiff the benefit of the doubt, the court finds that plaintiff is entitled to equitable tolling with respect to his first action filed in state court, i.e. from November 29, 2001, until December 18, 2002. This action was pending for 384 days. While it is not entirely clear why this action was dismissed, plaintiff was pursuing "other available remedies" when he pursued this action.

Plaintiff is not entitled to equitable tolling for his other two actions filed in state court because they were dismissed based on his "misconduct," i.e. for failure to prosecute and as being duplicative and barred by the statute of limitations.

Adding the time plaintiff's first state action was pending, i.e. 384 days, to the February 23, 2004, would make this action due March 13, 2005. This action, filed June 13, 2005, is not timely. Accordingly, the court recommends that defendant's motion be granted.

Accordingly, IT IS HEREBY RECOMMENDED that defendant's motion to dismiss filed December 20, 2005, construed as a summary judgment motion, be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten days after service of the objections. The parties are advised

\\\\\

\\\\\

| 1 | that failure to file objections within the specified time may waive the right to appeal the District

| 2 | Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

| 3 | DATED:   6/8/06

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

ggh:kj
diggs.mtd